# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| E.K. and M.P., individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC.,<br><br>　　　　　Defendant. | CASE NO.22-CV-01919 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

## PRELIMINARY STATEMENT

Plaintiffs, E.K. and M.P., respectfully request this Court allow Plaintiffs to file their initial Complaint and subsequent pleadings using only their initials, instead of their full legal names.

This lawsuit precipitates from Walt Disney Parks and Resorts ("Disney" or "Defendant"), restriction on Plaintiffs' and the potential Class's use of their Platinum Pass and/or Platinum Plus Pass to visit Disney's Florida parks. Throughout the years, Disney has offered a variety of annual park passes. In 2015, Disney began offering four annual passes – the Platinum Pass, Platinum Plus Pass, Gold Pass, and Silver Pass. Consumers who purchase an annual pass from Disney are entitled to visit all four Florida theme parks without additional charge for a period of one year. The Disney Platinum Plus Pass and Platinum Pass included admission to all four Florida Disney parks with no "Blockout Dates." Blockout Dates are pre-designated days that Disney closes off the parks to certain annual passholders due to high park attendance. Annual Park Passes that have Block Out dates will not be eligible to use their annual pass to enter the Florida Disney parks on some days of the year. The passes that do not have Blockout Dates, i.e., the Platinum Plus Pass and Platinum Pass are free to use their pass every day of the year that Disney is open, and the park has not reached maximum capacity.

Prior to March 15, 2020, Platinum Pass and Platinum Plus Pass holders were permitted to go to all four Florida Disney parks 365 days a year without any Blockout Dates or restrictions. On or about March 15, 2020, the Florida Disney parks were closed due to the COVID-19 pandemic. Disney parks in the United States began to reopen in July 2020, but with a host of new restrictions.

To initially control the Florida parks' capacity after the COVID-19 pandemic, Disney instituted a new reservation system prior to reopening – the "Park Pass System." Under the Park Pass System, guests are required to have a park reservation in addition to a valid admission ticket to gain entry to a Disney theme park. It was believed by the Plaintiffs and other Class Members that this reservation system would only be temporary and would end once the threat of the pandemic lessened as they had never dealt with this before.

Despite the COVID-19 pandemic nearing its end, and the State of Florida no longer mandating COVID-19 precautions, Disney has continued utilizing the restrictive park reservation system. Disney's website currently states, "[t]o enter a theme park, all Guests ages 3 and older must have a park reservation in addition to valid admission for the same park on the same date (limit one park per day)."[1] At Morgan Stanley's 2022 Technology, Media, & Telecom Conference, Disney CFO

---

[1] https://disneyworld.disney.go.com/experience-updates/park-reservations/.

Christine McCarthy stated Disney parks would not be returning to their normal, pre-pandemic capacities.[2]

In addition to the normal park capacity being artificially restricted, Disney has seemingly implemented a system in which only a certain amount of Platinum Pass holders can make a reservation per day, despite the parks still having availability for other types of reservations (i.e., single day passes, or reservations made by other pass holders). On some days, Platinum Pass holders and Platinum Plus Pass holders cannot make reservations to go to a Disney theme park, even though there are single day passes available for purchase. Disney appears to be unfairly favoring single ticket or multi-day ticket holders, while restricting Platinum Pass holders to maximize its profits. By implementation of the Park Pass System, Disney has effectively subjected Platinum Plus Passes and Platinum Passes to Blockout Dates, because the pass holders are subject to days in which their passes cannot be used.

Plaintiffs seek to file this lawsuit under their initials, instead of their full names, to redress the harm caused by Disney. Plaintiffs therefore request permission to file their Complaint and all other pleadings in this case using their initials in place of their legal name.

---

[2]   https://wdwnt.com/2022/03/disney-may-never-return-to-former-capacity-to-avoid-parks-bursting-at-the-seams-says-executive/.

## LEGAL ARGUMENT

**A. Plaintiffs' Interest in Keeping Their Names Confidential Weighs Against the Public's Common-Law Right to Access Judicial Records.**

Generally, parties to a lawsuit must identify themselves in their respective pleadings. Fed. R. Civ. P. 10(a) requires a complaint to 'include the names of all the parties.' *Harapeti v. CBS Television Stations, Inc.*, 20-CV-20961, 2021 WL 1341524, at *2 (S.D. Fla. Apr. 9, 2021) However, pursuant to Fed. R. Civ. P. 5.2(d), "the court may order that a filing be made under seal."

There is a general common law right of public access to judicial documents, however, that right is not absolute. Judicial records are presumed to be public documents because "[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1246 (11th Cir. 2007) (internal citation omitted). When determining whether good cause to seal exists, a district court must first look to "the nature and the character of the information in question." *Id.* (internal citation omitted)).

4

When balancing the public's common-law right to access judicial records against a party's interest in keeping the information confidential, courts consider the following factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests; (2) the degree of and likelihood of injury if made public; (3) the reliability of the information; (4) whether there will be an opportunity to respond to the information; (5) whether the information concerns public officials or public concerns; (6) and the availability of a less onerous alternative to sealing the documents. *Id.* The Eleventh Circuit has previously found that a "party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)). In the instant case, all applicable factors weigh in favor of Plaintiffs' proceeding by their initials.

**Factor One:** Plaintiffs' privacy interests would be harmed by having their full names on public display. Disney is one of the most recognizable companies in the world with a reach that extends far beyond its theme parks. It is anticipated this will be a highly publicized lawsuit, resulting in elevated public exposure. Plaintiffs seek to shield their reputations, their daily lives, work relationships, and family relationships by keeping their names redacted from the Complaint and further pleadings. Plaintiffs may be subjected to harassment by the public and their employers if their identity is not concealed. Plaintiffs wish to redress the harm that

5

has occurred to them and the potential Class, but do not want to lose their privacy by doing so. Court functions would not be impaired by this redaction as it merely changes the name of the Plaintiffs to just their initials. Thus, this factor weighs in Plaintiffs favor.

**Factor Two:** As stated previously, Disney is a well-known conglomerate and any lawsuits involving its name run the risk of being thrust into the public eye. Plaintiffs seek to continue to live a normal life without facing any potential backlash from their employers, family, friends, and society as a whole. If Plaintiffs' identities are made known, Plaintiffs could be wrongly prejudiced by other businesses and employers. It is highly likely Plaintiffs would be treated differently or harassed for their role in this lawsuit because of who the Defendant is and the heightened publicity of the lawsuit. This factor also tips in favor of the Plaintiffs.

**Factor Three**: This factor is seemingly irrelevant in the Court's analysis. The initials of Plaintiffs' names are just a reliable as their full names.

**Factor Four:** The only information Plaintiffs seek to redact at this time are their names. The public will be able to read and respond to Plaintiffs' entire Complaint and subsequent pleadings. The public will not be losing any pertinent information by not knowing who the Plaintiffs are. The public will still be able to ascertain the facts surrounding the lawsuit and the allegations. This factor supports Plaintiffs' motion.

**Factor Five**: The filing of Plaintiffs' lawsuit is not anticipated to include any public officials. However, the lawsuit is of public interest and concern. Plaintiffs estimate thousands of individuals were also affected by Disney's actions and omissions concerning Platinum Passes and Platinum Plus Passes. By redacting Plaintiffs' names, the public is not hindered in their access to information concerning the lawsuit. The public will be able to view all allegations and facts in the court filings. The only information that will be redacted are Plaintiffs' names. Plaintiffs' names have little to no importance to the public because the nature of the lawsuit is not changed by the names of Plaintiffs. This factor weighs in favor of Plaintiffs.

**Factor Six:** Plaintiffs do not request material redactions or the concealment of whole documents. Plaintiffs merely ask that they be allowed to file their Complaint and subsequent court documents using their initials rather than their full names. By asking the court to only redact their names, Plaintiffs have asked for the least invasive remedy. Again, this factor favors Plaintiffs' motion.

When viewing the six (6) factors as a whole, Plaintiffs' privacy interest in using their initials to identify them in this lawsuit overcomes the interest of the public in accessing and viewing Plaintiffs' names. Thus, the Court is well within its discretion to allow Plaintiffs to file their Complaint and subsequent pleadings under their initials.

**B. Plaintiffs' Request to Conceal Their Identities Complies with Local Rules.**

The Local Rules for the Middle District of Florida prescribe the contents of a motion to seal. The movant must include: (1) an identification and description of each item proposed for sealing; (2) the reason that filing each item is necessary; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (5) a statement of the proposed duration of the seal. M.D. Fla. Local Rule 1.09(c). Plaintiffs meet each of these requirements, as described below.

**Requirement One:** Plaintiffs request their Complaint and each subsequent court filing be made under their initials, rather than their full names.

**Requirement Two:** It is necessary for Plaintiffs to file their Complaint to initiate the lawsuit. To continue the progression of the lawsuit it is also necessary for Plaintiffs to file subsequent pleadings.

**Requirement Three:** Redacting Plaintiffs' names from the initial Complaint and subsequent court filings is necessary to ensure Plaintiffs do not receive negative treatment from employers, family members, friends, and the public at large. It is highly likely this case will receive publicity that could harm Plaintiffs' reputations. Plaintiffs' reputations may be harmed simply by being named Plaintiffs in a class

action lawsuit. Plaintiffs would like to maintain their reputations while seeking relief on behalf of themselves and the potential class.

**Requirement Four:** As Plaintiffs have stated, they only request that they be allowed to file all pleadings under their initials, rather than their full names. This is the least restrictive means available because the public will still have access to all material information that becomes a part of the lawsuit. As of now, Plaintiffs do not request that entire documents be sealed.

**Requirement Five:** Plaintiffs request the documents be redacted for the maximum amount of time allowed under the law. M.D. Fla. Local Rule 1.09(f).

In satisfaction of the recognized competing interests, Plaintiffs respectfully request to utilize their initials in place of their full names in the initial Complaint and all subsequent filings.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court grant the Motion and Order that Plaintiffs' complaint be filed and maintained with their initials in place of their full names.

Dated: October 18, 2022                                     Respectfully submitted,

/s/ Gary S. Menzer_____
Gary S. Menzer (Florida Bar No. 60386)
Michael S. Hill (Florida Bar No. 37068)
**MENZER & HILL P.A.**
7280 W. Palmetto Pk. Rd. Ste. 301-N

Boca Raton, Florida 33433
T. 561.327.7207
F. 561.880.8449
gmenzer@menzerhill.com
mhill@menzerhill.com

William B. Federman*
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
(405) 235-1560
(405) 239-2112 (facsimile)
wbf@federmanlaw.com
*Pro hac vice application forthcoming*

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2022, a copy of the foregoing pleading was filed electronically with the Clerk of Court to be served by operation of the court's electronic filing system to all counsel of record.

/s/ Gary S. Menzer

10