UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**E.K and M.P.,**

        **Plaintiffs,**

v.                                            Case No: 6:22-cv-1919-RBD-DCI

**WALT DISNEY PARKS AND
RESORTS U.S., INC.,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiffs' Motion for Leave to File Under Seal (Doc. 3)** |
| **FILED:** | **October 18, 2022** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

### I. Background

E.K and M.P. (Plaintiffs), individually and on behalf of all similarly situated, initiated this diversity action against Walk Disney Parks and Resorts U.S., Inc. (Defendant). Doc. 1. Plaintiffs allege that Defendant has engaged in conduct, which has breached an implied contract and covenant of good faith and fair dealing with certain annual park passholders and has violated the Florida Deceptive and Unfair Trade Practices Act. *Id*. Specifically, Plaintiffs claim that "Disney has altered the Platinum Pass and Platinum Plus Pass terms so dramatically that they do not even resemble the original agreement bargained for by Plaintiffs." *Id*. at 6.

Pending before the Court is Plaintiffs' Motion for Leave to File Under Seal pursuant to Local Rule 1.11.[1] Doc. 3 (the Motion). Plaintiffs "move this Court for an Order approving a motion to file a redacted Complaint and subsequent pleadings. The pleadings will only be redacted in one respect—the Plaintiffs' initials will be used instead of their full names. *Id*. In support of the request, Plaintiffs contend that their privacy interests would be harmed if their full names were on "public display," because Disney is one of the most recognizable companies and Plaintiffs anticipate that the lawsuit will be highly publicized. Doc. 3-1 at 6. As such, "Plaintiffs seek to shield their reputations, their daily lives, work relationships, and family relationships by keeping their names redacted from the Complaint and further pleadings." *Id*. Plaintiffs claim that they may be harassed by the public and their employers and Plaintiffs "could be wrongly prejudiced by other businesses and employers" if their identities are revealed. Plaintiffs state that their initials are "just as reliable as their full names;" Court functions would not be impaired by the relief; the public will not lose information by not knowing the Plaintiffs' identity; the redaction is the "least invasive remedy," and the lawsuit will not include any public officials. *Id*. at 7-8.

II.     **Legal Standard**

Plaintiffs cite to no statute, rule, or other order that authorizes the filing of the Complaint and all subsequent filings to only reflect Plaintiffs' initials. *See* Doc. 3. Plaintiffs instead cite to the Local Rules for filing under seal. The filing of documents in redacted format or under seal with the Court is governed by Local Rule 1.11(c), which provides as follows:

> If no statute, rule, or order authorizes a filing under seal, a motion for leave to file under seal: (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reason: (A) filing the item is necessary, (B) sealing the item is necessary, and (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must

---

[1] Plaintiffs filed the Motion pursuant to Local Rule 1.09(c), but the rule pertaining to requests to file under seal has been revised to Local Rule 1.11.

propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing. An order permitting leave under this section must state the reason that a seal is required.

Local Rule 1.11(c).

Also, in deciding whether to grant a motion to seal, the Court must remain cognizant of the fact that the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This common law right "is instrumental in securing the integrity of the [judicial] process." *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (per curiam) ("The district court must keep in mind the rights of a third party—the public, 'if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system.'") (citation omitted).

Further, with respect to proceeding anonymously or pseudonymously,[2] the Eleventh Circuit summarized the relevant legal principles in *Doe v. Neverson*:

> Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a). Although this creates a "strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute." [*Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)]. A party may proceed anonymously by establishing "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).

---

[2] *See S.Y. v. Choice Hotels Int'l, Inc.*, 2021 WL 4822598, at *15 n. 4 (M.D. Fla. June 11, 2011), *report and recommendation adopted in part by* 2021 WL 4167677 (M.D. Fla. Sept. 14, 2021), (stating that since the plaintiff sought to use her initials as a pseudonym in lieu of disclosing her full name in the public record, the term "pseudonymously" instead of "anonymously" more accurately described the requested relief.).

> Whether a party's right to privacy outweighs the presumption of openness is a "totality-of-the-circumstances question." *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. July 16, 2020). We have said that the "first step" is to consider whether the party seeking anonymity "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id*. at 1247. Along with these factors, a court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id*. (quoting Francis, 631 F.3d at 1316). For example, we have also considered "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Francis*, 631 F.3d at 1316 (citations omitted).

820 F. App'x 984, 986-87 (11th Cir. 2020); *see also In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1246-48 (11th Cir. 2020) (finding that "[p]arties may use 'fictitious name[s]' only in 'exceptional case[s]."') (quoting *Frank*, 951 F.3d at 323).

### III.   Discussion

The Court has considered the factors set forth above and has determined that the Motion should be denied in the interest of public access. While Plaintiffs are not challenging government activity, the disclosure of Plaintiffs' identities on Court filings does not involve a matter of intimacy, criminal conduct, risk of violence, and Plaintiffs' do not reveal that they are minors. Even though Plaintiffs are concerned about their reputations, the Court is not otherwise convinced that Plaintiffs' speculation as to the reaction to their lawsuit wins the day. Indeed, Plaintiffs offer no evidence that demonstrates that their concern is well-founded and do not persuade the Court that their belief at what "could happen" is an adequate privacy interest that outweighs the public interest in open proceedings. *See Geico Gen. Ins. Co. v. M.O.*, 2021 WL 4476783, at *9 (D. Kan. Sept. 30, 2021) ("While courts have recognized that reputational harm or social stigma may exceed embarrassment and present a compelling reason for allowing a party to proceed anonymously, they

have done so only when the moving party makes a sufficiently particularized and supported showing of reputational harm or social stigma to justify the request.") (citing *Neverson*, 820 F. App'x at 987-98)). Weighing all factors, the Court finds that allowing Plaintiffs to proceed under their initials instead of their full or "legal names" is not justified in this case.

Based on the foregoing—even though the Motion addresses the requirements of Local Rule 1.11 for filing under seal or with redactions—Plaintiffs have not demonstrated that their interest in avoiding the presumptive negative response to their lawsuit outweighs the Eleventh Circuit's common law right to inspect the filings, which includes Plaintiffs' full names.

### III.   Conclusion

Based on the foregoing, it is **ORDERED** that:

1. Plaintiffs' Motion to File Under Seal (Doc. 3) is **DENIED**; and

2. **On or before November 17, 2022**, Plaintiff shall file an amended complaint in accordance with this Order.

**ORDERED** in Orlando, Florida on November 3, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE