# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| E.K. and M.P., individually and on Behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC.,<br><br>     Defendant. | **Case No: 6:22-cv-1919-RBD-DCI** |

## PLAINTIFFS' MOTION TO RECONSIDER

Plaintiffs E.K. and M.P. (collectively, "Plaintiffs"), through undersigned counsel, respectfully requests the Court reconsider its November 3, 2022, Order (ECF No. 19) denying Plaintiffs' Motion for Leave to File Under Seal.

### I. BACKGROUND

On October 18, 2022, Plaintiffs filed their class action lawsuit against Defendant ("Disney"). From the outset, Plaintiffs feared the harassment, bullying, and public ridicule this lawsuit would bring to their everyday lives. To protect their families, Plaintiffs sought the Court's permission to file court documents under seal. Plaintiffs asked they be identified by only their initials

1

to shield their reputations, daily lives, employment, and families from harm and harassment resulting from the lawsuit. Unfortunately, as Plaintiffs were concerned, after filing this lawsuit Plaintiffs received a slew of hateful comments online, making them concerned physical confrontation might be next. *See* Exhibit "A."

The purpose of this motion is to bring to the court's attention the extensive media coverage and negative comments this case has received since the filing of the Complaint. The full scope of the negative comments and impressions were not ascertainable until the filing of this lawsuit. Considering the online social media attacks, Plaintiffs request this Court reconsider its prior Order (ECF No. 19) and allow Plaintiffs to file all pleadings in this case under their initials.

## II. LEGAL STANDARD

It is within the sound discretion of this Court to grant or deny a motion to reconsider. *See Drago v. Jenne,* 453 F.3d 1301, 1305 (11th Cir. 2006); *American Home Assurance Co. v. Glenn Estess & Assoc.,* 763 F.2d 1237, 1238–39 (11th Cir.1985). A motion to reconsider "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *See Cover v. Wal–Mart Stores, Inc.,* 148 F.R.D. 294, 294 (M.D.Fla.1993) Reconsideration of an order is generally justified when new evidence is

available. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D 689, 694 (M.D. FL 1994). Here, Plaintiffs' motion to reconsider brings to light new evidence worth the Court's consideration.

### III. DISCUSSION

Since the filing of this lawsuit, new evidence has surfaced – Plaintiffs have become the unfortunate victims of online social media bullying and harassment due to the filing of this lawsuit. Plaintiffs' lawsuit against Defendant has received extensive media coverage, thrusting Plaintiffs into the public eye. *See* Exhibit "B" (several articles covering the lawsuit). News of the lawsuit also surged across social media platforms, amassing nationwide attention. While the lawsuit has garnered positive feedback, the lawsuit has also been met with discord from numerous third parties, some of whom have sought to determine the identity of the Plaintiffs. Angry supporters of the Defendant have taken to the internet and online social media to express their frustrations with Plaintiffs, leaving Plaintiffs fearful of what will come next.

A wave of hateful comments swept over the internet shortly after the lawsuit was filed. *See* Exhibit "A." The vile comments were published on Facebook, with a majority of the comments referring to Plaintiffs as "idiots" and accusing them of initiating the demise of Disney's annual park pass regime in Florida. *Id.* Supporters of Defendant wished for Plaintiffs to be

banned from the Disney parks for life, stripped of their passholder privileges, and some asserted Plaintiffs should be tasked with paying Disney's legal bill. *Id.* This is all because Plaintiffs simply spoke out by filing this lawsuit. Many supporters of Defendant attacked Plaintiffs online for even pursuing this lawsuit by claiming they are just "entitled" and have "first world problems." *Id.* While Plaintiffs have yet to receive a comment threatening death or bodily harm, this does not mean such a terrible possibility will not occur and such an ill-willed person does not exist. Plaintiffs believe the worst of the comments and attacks have been deleted by various social media platforms. Plaintiffs have no way of knowing what comments have been removed or filtered by social media moderators or what comments have been taken down by the social media sites themselves. In a matter of weeks, Plaintiffs have become the center of online bullying and harassment, all stemming from the lawsuit they filed. *See id.* This will undoubtedly become worse once Plaintiffs' full names are exposed. Likewise, their families will also be exposed to the same harassment. Plaintiffs fear the hateful comments and online harassment are only small steps away from physical confrontation.

      The disclosure of Plaintiffs' full names will certainly impose a risk of violence, as evidenced by the online outrage. *See id.* Due to the increasing amount of vindictive comments on the internet, Plaintiffs reasonably believe

they will be put directly in harm's way if their names are released to the public. Once Plaintiffs names are released to the public, anyone with internet access can view Florida's real property records and discover exactly where Plaintiffs live. Plaintiffs are not only concerned they may be confronted at their homes but are concerned their family members could be as well. One of the Plaintiffs has a minor stepson she does not want to subject to ridicule and confrontation due to her connection with this lawsuit. The other Plaintiff is specifically concerned the tenants in her rental house will be heckled by disgruntled Disney supporters due to her name being listed on the rental home. Plaintiffs' fears coupled with the social media outrage far surpass mere speculation – they show a real risk of harm. Certain members of the public are angry, frustrated, and do not want Plaintiffs to succeed. The online bullying, harassment, and hateful comments amplify Plaintiffs' need for anonymity.

At the filing of the lawsuit, it was impossible for Plaintiffs to know the magnitude of the lawsuit and the effect it would have on their lives. Now that the lawsuit has been filed, and the public has reacted, the Court is presented with a clear picture of what is at risk. Plaintiffs are at risk of real harm. Until now, Plaintiffs have been shielded from individuals directly attacking them because of the Complaint's filing under their initials. If Plaintiff's names are exposed to the public, the online bullying and harassment will no longer be

cast out into the general public, but it will be aimed directly towards them.

As the Court recognized in its prior Order, the Eleventh Circuit case, *Doe v. Neverson,* is instructive here. 820 F. App'x 984, 985 (11th Cir. 2020). In *Neverson*, the plaintiff argued the court should allow her to file court documents under a pseudonym. *Id.* at 984–85. Specifically, the plaintiff argued that because the defendant was "well-known", and the lawsuit had made "national news" she would be subject to "online bullying, harassment, and threats" if her identity was made public. *Id.* at 985. To substantiate these claims, the plaintiff attached a declaration attesting to the same. *Id.* The court found, inter alia, that the online posts about the lawsuit and the harassing comments amounted to a credible reason to allow plaintiff to file under a pseudonym. *Id.* at 988.

The same result reached in *Neverson* should be reached here. Similar to *Neverson*, Plaintiffs seek to file all court documents under a pseudonym – their initials. The Defendant in this case, Walt Disney Parks & Resorts U.S., Inc., is more than well-known. In fact, Defendant is a globally known conglomerate and one of the largest private employers in the state of Florida. Because of this, the lawsuit has received national news coverage spanning from articles in the New York Post to Yahoo! News. *See* Exhibit "B." To substantiate Plaintiffs' claims, Plaintiffs attached their own declarations to this Motion. *See*

Exhibits "C" and "D." As evidenced by the comments attached to this Motion, Plaintiffs are the subject of online bullying and harassment. *See* Exhibit "A." Plaintiffs fear based on the online comments they have already seen that matters will only get worse once their identities become known. It would be both reasonable and just for this Court to allow Plaintiffs to proceed under their initials.

IV. **CONCLUSION**

Plaintiffs respectfully request that the Court reconsider its prior Order and grant Plaintiffs' motion to file all documents in this matter under their initials. In the event Plaintiffs' request is not granted by this Court, Plaintiffs respectfully ask this Court to allow them five (5) days after the entry of the Court's order to file their unredacted Complaint.

Dated: November 21, 2022     Respectfully submitted,

/s/ William B. Federman
William B. Federman*
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
(405) 235-1560
(405) 239-2112 (facsimile)
wbf@federmanlaw.com
*Admitted Pro Hac Vice*

>Michael S. Hill,
>(FL Bar No. 37068)
>**MENZER & HILL P.A.**
>7280 W. Palmetto Pk. Rd.
>Ste. 301-N
>Boca Raton, Florida 33433
>T. 561.327.7207
>F. 561.880.8449
>mhill@menzerhill.com

## LOCAL RULE 3.01(g) CERTIFICATION

On November 21, 2022, the parties conferred in good faith by and through their counsel via telephone conference and email to resolve the Motion before the Court. The parties were unable to resolve this matter without Court intervention. Defense Counsel advised that Defendant opposes Plaintiffs' request to file under seal or proceed under a pseudonym. This Motion was subsequently filed by Plaintiffs for the Court's consideration.

>/s/ William B. Federman

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2022, a copy of the foregoing pleading was filed electronically with the Clerk of Court to be served by operation of the court's electronic filing system to all counsel of record.

>/s/ William B. Federman