UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

E.K and M.P.,

        Plaintiffs,

v.                                                  Case No: 6:22-cv-1919-RBD-DCI

WALT DISNEY PARKS AND
RESORTS U.S., INC.,

        Defendant.

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiff's Motion to Reconsider (Doc. 23)
>
> **FILED:** November 21, 2022
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

### I. Background

E.K and M.P. (Plaintiffs), individually and on behalf of all others similarly situated, initiated this diversity action against Walk Disney Parks and Resorts U.S., Inc. (Defendant). Doc. 1. Plaintiffs allege that Defendant has engaged in conduct that has breached an implied contract and covenant of good faith and fair dealing with certain annual park passholders and has violated the Florida Deceptive and Unfair Trade Practices Act. *Id.* Specifically, Plaintiffs claim that "Disney has altered the Platinum Pass and Platinum Plus Pass terms so dramatically that they do not even resemble the original agreement bargained for by Plaintiffs." *Id.* at 6. On the day this

matter commenced, Plaintiffs filed a motion to seal the case pursuant to Local Rule 1.11.  Doc. 3.  Plaintiffs requested an order "approving a motion to file a redacted Complaint and subsequent pleadings.  The pleadings will only be redacted in one respect—the Plaintiffs' initials will be used instead of their full names." *Id*.

By Order dated November 3, 2022, the Court denied the motion in the interest of public access.  Doc. 19.  The Court found that the disclosure of Plaintiffs' identifies on Court filings did not involve a matter of intimacy, criminal conduct, or risk of violence; Plaintiffs did not reveal that they are minors; and Plaintiffs offered no evidence to demonstrate that their concern regarding reputation for filing the suit was well-founded.  *Id*. at 4.  The Court concluded that Plaintiffs did not demonstrate that their interests in avoiding the presumptive negative response to the lawsuit outweighed the Eleventh Circuit's articulated common law right to inspect court filings, which included Plaintiffs' full names.  *Id*. at 5.  As such, the Court directed Plaintiffs to file an amended complaint in accordance with the Order on or before November 17, 2022.

On November 17, 2022, Plaintiffs filed a motion for reconsideration, which the Court denied without prejudice for failure to comply with Local Rule 3.01(g).  Doc 21.  The Court also found that the time to object to the undersigned's Order pursuant to Federal Rule of Civil Procedure 72(a) had expired and the time to comply with the Court's November 3, 2022 Order was not tolled with the filing of the motion for reconsideration.  *Id*.  To date, Plaintiffs have not filed the amended pleading as directed.

Pending before the Court is Plaintiffs' second Motion for Reconsideration of the Court's November 3, 2022 Order.  Doc. 23 (the Motion).  Plaintiffs seek reconsideration of the denial to file under seal given "new evidence" on the "full scope of the negative comments" and the "extensive media coverage."  *Id*. at 2.  Plaintiffs state that after the lawsuit was filed, "Plaintiffs

received a slew of hateful comments online, making them concerned physical confrontation might be next." *Id*. Plaintiffs claim that while they have not received a "comment threatening death or bodily harm, this does not mean such a terrible possibility will not occur and such an ill-willed person does not exist." *Id*. at 4. Plaintiffs contend that social media commentary refers to them as "idiots" and "entitled" and professes a "wish for Plaintiffs to be banned from the Disney parks for life, stripped of their passholder privileges, and . . . tasked with paying Disney's legal bill." *Id*. at 3-4. Plaintiffs argue that "this will undoubtedly become worse once Plaintiffs' full names are exposed" and "their families will also be exposed to the same harassment." *Id*. at 4. According to the Motion, one of the Plaintiffs does not want her minor stepson to be the subject of ridicule or confrontation and the other Plaintiff is "concerned the tenants in her rental house will be heckled by disgruntled Disney supporters due to her name being listed on the rental home." *Id*. at 5. Plaintiffs conclude that the disclosure of their names "will certainly impose a risk of violence, as evidenced by the online outrage" and request that the Court reconsider its prior Order. *Id*. at 4, 7.

Defendant has filed a Response in opposition to the Motion and argues that Plaintiffs' new evidence is cumulative as Plaintiffs previously argued to the Court that Disney is "well-known conglomerate," and the action is a "highly publicized lawsuit, resulting in elevated public exposure." Doc. 28 at 5. Defendant claims that the Court has already rejected "materially similar considerations" regarding the extensive media coverage and social media criticism. *Id*. at 1, 4. Further, even if the Court were to reconsider based on the "new evidence," Defendant argues that Plaintiffs should not be allowed to proceed pseudonymously as the exhibits do not demonstrate a compelling reason to allow the request. *Id*. at 4.

## II. Legal Standard

Reconsideration is an extraordinary remedy and is only granted upon a showing of: (1) an intervening change in law; (2) the discovery of new evidence that was not available at the time the Court rendered its decision; or (3) the need to correct clear error or manifest injustice. *Fla. Coll. Of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted). The Court will not reconsider a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Assn., Inc.*, No. 6:11-CV-1637-ORL-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). Motions for reconsideration may not be used "to raise arguments, which could and should have been made earlier." *Id.* (quoting *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990)).

## III. Discussion

To obtain relief now, Plaintiffs must demonstrate that the extraordinary remedy of reconsideration is warranted. It is not. As an initial matter, the Court agrees with Defendant that Plaintiffs' argument regarding the nature of this lawsuit and public attention is nothing new. As discussed *supra*, Plaintiffs already presented argument in the motion to seal regarding their fear of public harassment due to the lawsuit given Disney's status as "one of the most recognizable companies in the world." Doc. 3-1 at 7-8. The Court rejected that argument for the reasons stated in the November 3, 2022 Order and that analysis still stands.

In the alternative, even assuming Plaintiffs' latest exhibits attached to the Motion constitute "new evidence," the Court still finds that Plaintiffs' concern regarding their reputation or risk of harm does not outweigh the interest in public access to this lawsuit. Specifically, Plaintiffs have attached screenshots, which purportedly reflect negative comments on social media about Plaintiffs and this action, along with a few documents Plaintiffs describe as "news articles." Docs. 23-1, 23-2. Plaintiffs also submit declarations, which state: I fear if my name is released to the public the bullying and harassment already taking place online will intensify and will ultimately result in physical confrontation. Doc. 23-3 at 2; 23-4 at 2.

While some of the social media comments can be construed as negative or disapproving of the lawsuit, the Court does not find that this "new evidence" tips the balance in Plaintiffs' favor to keep their identities from public disclosure. As the Eleventh Circuit has found, "[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chi Tribute Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citing *Richmond Newspapers v. Virginia*, 448 U.S. 555, 564-74 (1980)).

To persuade the Court to override the public interest concern, Plaintiffs rely on *Doe v. Neverson*, 820 F. App'x 984 (11th Cir. 2020), where the Circuit found that the district court failed to consider that social stigma can be sufficient to warrant proceeding anonymously. In *Neverson*, a plaintiff appealed the district court's denial of her request to proceed pseudonymously in her sexual assault and battery action against an "internationally acclaimed musical recording artist." *Id*. at 984-985. The Court in *Neverson* found that even though personal embarrassment alone does not justify proceeding under a pseudonym,[1] the plaintiff did more than allege embarrassment as

---

[1] *Id*. at 987 (citing *Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019)).

she made specific assertions regarding her religious background; supported the claim with a declaration "attesting that she grew up in Trinidad and 'come[s] from a strict Muslim household where under [their] cultural beliefs and traditions such a sexual assault would have the tendency to bring shame and humiliation upon [her]family'"; and "submitted an example of a website post about this lawsuit and eight threatening or harassing comments made by [Defendant's] fans." *Id*. at 988. The Circuit concluded that the district court abused its discretion in denying the plaintiff's motion to proceed anonymously, in part, because it failed to properly consider the plaintiff's allegations about the claimed stigma the plaintiff would face as a result of her family's religious beliefs. *Id*. at 987.

Plaintiffs in the instant case assert that the Court should follow *Neverson* and reach the same result. Doc. 23 at 6. The Court agrees that *Neverson* is instructive but not that the Court's ruling on this matter should change. As explained in the November 3, 2022 Order, the Court in *Neverson* summarized the relevant legal principles as follows:

> Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a). Although this creates a "strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute." [*Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)]. A party may proceed anonymously by establishing "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).
>
> Whether a party's right to privacy outweighs the presumption of openness is a "totality-of-the-circumstances question." *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. July 16, 2020). We have said that the "first step" is to consider whether the party seeking anonymity "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id*. at 1247. Along with these factors, a court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id*. (quoting Francis, 631 F.3d at 1316). For example, we have also considered "whether the plaintiffs were

> minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Francis*, 631 F.3d at 1316 (citations omitted).

820 F. App'x 984, 986-87 (11th Cir. 2020).

Taking the exhibits into consideration "as new evidence," there is nothing in Plaintiffs' filings to demonstrate that any of the factors in the "first step" as articulated in *Neverson* are present in this case. Also, as the Court previously found, Plaintiffs are not minors and have not been threatened with violence or physical harm. Nor does this case involve allegations of sexual assault. While Plaintiffs have now submitted declarations and other exhibits regarding their reputational concerns and fear of future harassment and risk of harm, Plaintiffs' argument is still mostly based on pure speculation. To be clear, the Court is not suggesting that a plaintiff must wait for an act of physical violence to occur before a plaintiff may obtain relief, but the circumstances of this case and the record before the Court neither support Plaintiff's speculation concerning risks of physical harm and harassment nor warrant the extraordinary remedy of reconsideration. Instead, Plaintiffs' concerns are more akin to the fear of personal embarrassment and their argument and evidence does not outweigh the interest in proceeding publicly.

Thus, it is **ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 23) is **DENIED**.

Plaintiffs are cautioned that they remain in violation of the Court's November 3, 2022 Order (Doc. 19), and this case is subject to being dismissed without further notice for both a violation of the Court's Order and a failure to prosecute.

**ORDERED** in Orlando, Florida on December 12, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE