UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERICA KELLY; and MARILYN PAONE,

    Plaintiffs,

v.

WALT DISNEY PARKS AND RESORTS, INC.,

    Defendant.
_____

Case No. 6:22-cv-1919-RBD-DCI

## ORDER

Before the Court is Defendant's motion to dismiss. (Doc. 55 ("Motion").) The Motion is due to be denied.

### BACKGROUND

Between 2010 and 2014, Plaintiffs purchased "Platinum" annual passes from Defendant Walt Disney Parks and Resorts, Inc. ("Disney"). (Doc. 50, ¶ 21.) Annual passes admit passholders to Disney's theme parks for the period of one year. (*Id.* ¶ 5.) When Plaintiffs bought their passes, Platinum passes were among the highest tier of passes available and not subject to "blockout dates"— days certain passholders cannot use their passes. (*Id.* ¶¶ 7, 9.)

Between March and July 2020, Disney closed its parks due to the COVID-19 pandemic. (*Id.* ¶ 9.) When the parks reopened, Disney implemented a new

reservation system that required guests to have a reservation plus an admission ticket to enter the parks. (*Id.* ¶ 10.) Only a few reservations were available to passholders on any given day and passholders were limited to the number of reservations they could hold at a time. (*Id.* ¶¶ 14, 26.) Plaintiffs allege this system created blockout dates for Platinum passholders and denied them a valuable benefit of their passes. (*Id.* ¶¶ 24, 36.) So Plaintiffs sued Disney for (1) breach of implied contract; (2) breach of express contract; (3) breach of the implied covenant of good faith and fair dealing; (4) unjust enrichment; and (5) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). (Doc. 50, ¶¶ 56–131.) Disney now moves to dismiss, and Plaintiffs oppose. (Docs. 55, 58.) The matter is ripe.

## STANDARDS

A plaintiff must plead "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss under Rule 12(b)(6), the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept the factual allegations as true and construe them "in the light most favorable" to the plaintiff. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). But this "tenet . . . is inapplicable to legal

conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So a pleading that offers mere "labels and conclusions" is insufficient. *Twombly*, 550 U.S. at 555.

## ANALYSIS

### I. Contract-Based Claims

Disney makes several related arguments in support of dismissing Plaintiffs' contract-based claims.[1] Essentially, Disney argues that: (1) there is no contract term promising no blockout dates; (2) even if there was a promise of no blockout dates, the contract explicitly reserves Disney's right to make changes without notice; and (3) Disney's reservation system does not impose blockout dates, based on the meaning of that term. (Doc. 55, pp. 8–18.) But these arguments all fail for the same reason; they require the Court to make determinations inappropriate at the motion to dismiss stage.

First, Disney argues that the ticket terms and conditions are a fully integrated contract that does not include the "no blockout dates" advertisement found on the website. (Doc. 55, pp. 8–9.) But "an inquiry into whether the contracts at issue contained integration clauses, and the subject matter covered by those contracts, is precisely the kind of factual inquiry that is not appropriate under the

---

[1] Plaintiffs alternatively bring claims for breach of an express contract and breach of an implied contract, as well as a claim for breach of the implied covenant of good faith and fair dealing. (Doc. 50, ¶¶ 56–113.) To the extent Disney argues Plaintiffs cannot make these claims in the alternative (Doc. 55, pp. 12–14), this argument fails because pleading in the alternative is expressly permitted. *See* Fed. R. Civ. P. 8(d)(2), (3); *GPS Granite Ltd. v. Ultimate Granite, Inc.*, No. 8:16-cv-775, 2016 WL 5816051, at *3 (M.D. Fla. Oct. 5, 2016).

3

legal standard for a Motion to Dismiss." *Zokaites v. Balistreri Realty, Inc.*, No. 06-61244, 2006 WL 8431529, at *4 (S.D. Fla. Nov. 27, 2006); *see also Gurba v. PeoplesBank*, No. 8:20-cv-2713, 2022 WL 17904395, at *16 (M.D. Fla. Dec. 23, 2022). Second, whether Plaintiffs' claim is "negated" by other terms, such as Disney's reserved right to change the contract terms, is also inappropriate at this stage. *N. Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.*, No. 6:07-cv-1503, 2008 WL 341309, at *3 (M.D. Fla. Feb. 5, 2008) ("In its Motion to dismiss, NAC asks this Court to make findings of fact and conclusions of law regarding the terms of the contract and the parties' conduct in order to determine that BCS's claim is 'negated' by the License Agreement and Amendment."). Third, contract interpretation, including determining the meaning of an ambiguous term such as "blockout dates," is similarly inappropriate at this stage. *See Whitney Nat. Bank v. SDC Communities, Inc.*, No. 8:09-cv-01788, 2010 WL 1270264, at *2 (M.D. Fla. Apr. 1, 2010) ("Defendants' argument centers on the interpretation of language in the contract and asks the Court to interpret the contract in their favor. At a motion to dismiss, it is inappropriate to decide such a factual matter."). So the Motion is due to be denied as to the contract-based claims.[2]

---

[2] Disney also argues that Plaintiffs fail to adequately plead unconscionability. (Doc. 55, pp. 14–16.) Under Florida law, to challenge a contract because it is unconscionable, a plaintiff must plead substantive and procedural unconscionability. *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1134 (11th Cir. 2010). Procedural unconscionability addresses the absence of meaningful choice and substantive unconscionability looks to the unreasonableness of the contract's terms. *Trudel v. Lifebit Biotech*, No. 8:22-cv-1823, 2022 WL 16695171, at *4 (M.D. Fla. Nov.

## II. Unjust Enrichment

Next, Disney argues that Plaintiffs' unjust enrichment claim fails because (1) Plaintiffs cannot pursue a claim of unjust enrichment where a contract exists; and (2) Plaintiffs do not sufficiently plead the required elements. (Doc. 55, pp. 18–22.)

First, "a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter." *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008). But unjust enrichment "may be pleaded in the alternative where one of the parties asserts that the contract governing the dispute is invalid." *Gibson v. Lynn Univ., Inc.*, 504 F. Supp. 3d 1335, 1344 (S.D. Fla. 2020); *see Salerno v. Fla. S. Coll.*, 488 F. Supp. 3d 1211, 1218 (M.D. Fla. 2020). Here, Plaintiffs allege unjust enrichment in the alternative to their breach of contract claims and both parties dispute the existence of a valid contract. (Doc. 50, p. 40 & ¶¶ 77, 82; Doc. 55, pp. 12–16.) So dismissal of the unjust enrichment claim on these grounds would be premature.

Second, to make an unjust enrichment claim Plaintiffs must allege that: (1) Plaintiffs conferred a benefit on Disney; (2) Disney voluntarily accepted and retained the benefit; and (3) that it would be inequitable for Disney to retain the benefit. *See Duty Free World v. Mia. Perfume Junction, Inc.*, 253 So. 3d 689, 693 (Fla. 3d DCA 2018). Here, Plaintiffs allege they paid Disney the purchase price of a pass

---

3, 2022). Here, Plaintiffs adequately allege both. (Doc. 50, ¶¶ 82–95.)

without blockout dates, Disney accepted payment, and it would be inequitable for Disney to retain that payment because blockout dates were imposed. (Doc. 50, ¶¶ 114–18.) All elements of an unjust enrichment claim are pled. *See Duty*, 253 So. 3d at 693. So the Motion is due to be denied as to the unjust enrichment claim.[3]

### III. FDUTPA

Finally, Disney argues that Plaintiffs' FDUTPA claim fails because Plaintiffs fail to allege a deceptive or unfair act and do not plead actual damages. (Doc. 55, pp. 22–25.)

A FDUTPA claim has three elements: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *City First Mortg. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla. 4th DCA 2008). A practice is deceptive or unfair where it is "likely to deceive a consumer acting reasonably under the circumstances." *State, Off. of Att'y Gen., Dep't of Legal Affs. v. Com. Com. Leasing, LLC*, 946 So. 2d 1253, 1258 (Fla. 1st DCA 2007). Here, Plaintiffs allege they purchased passes in reliance on Disney's representations of no blockout dates, but that ultimately Disney's new reservation system created blockout dates. (Doc. 50 ¶¶ 23, 125.) So Plaintiffs allege damages

---

[3] Disney also argues the unjust enrichment claim should be dismissed because Plaintiffs derived a substantial benefit from their payment. (Doc. 55, pp. 21–22.) But the only case Disney cites for this proposition, *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012), is not binding and is distinguishable on the facts. There, plaintiffs were foreclosed from asserting an unjust enrichment claim because they remained on board for the duration of the cruise they contracted for, so they received the benefit they paid for. *Id.* Here, Plaintiffs were promised access to Disney with no blockout dates but did not receive this benefit. (Doc. 50, ¶¶ 114–18.)

in the form of the difference in market value of a pass with blockout dates versus one without. (*Id.* ¶ 129.) Taking these allegations as true, as the Court must at this stage, this is enough to a show a deceptive or unfair practice causing actual damages. *See Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1339 (S.D. Fla. 2009) (finding FDUTPA claim sufficiently pled where complaint alleged that plaintiff paid a premium price for gum purchased in reliance on advertising claims and the gum was not as advertised); *Collins v. DaimlerChrysler Corp.*, 894 So.2d 988, 990 (Fla. 5th DCA 2004) ("Florida courts have allowed diminished value to serve as 'actual damages' recoverable in a FDUTPA claim."). So the Motion is due to be denied as to this claim.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion (Doc. 55) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 23, 2023.



ROY B. DALTON, JR.
United States District Judge