# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ERICA KELLY and MARILYN PAONE,**

        **Plaintiffs,**

v.                                                              **Case No: 6:22-cv-1919-RBD-DCI**

**WALT DISNEY PARKS AND**
**RESORTS U.S., INC.,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | Defendant's Unopposed Motion to File Under Seal Certain Exhibits Accompanying Plaintiffs' Motion to Certify Class (Doc. 74) |
| **FILED:** | February 15, 2024 |
| **MOTION:** | Defendant's Unopposed Motion for Leave to File Under Seal Certain Portions of its Opposition to Plaintiffs' Motion for Class Certification (Doc. 75) |
| **FILED:** | February 22, 2024 |

**THEREON** it is **ORDERED** that the motions are **DENIED**.

Discovery has closed in this case and Plaintiffs have filed a Motion to Certify Class. Docs. 41, 69. Pending before the Court are Defendant's Unopposed Motion to File Under Seal Certain Exhibits Accompanying Plaintiffs' Motion to Certify Class and Unopposed Motion for Leave to File Under Seal Certain Portions of its Opposition to Plaintiffs' Motion for Class Certification. Docs. 74, 75 (collectively "the Motions to Seal"). Defendant asserts that the parties have entered

into a Confidentiality Agreement, and Defendant produced documents during discovery that it deems "Confidential." Docs. 74 at 1-2; 75 at 2. Defendant seeks to seal certain documents that consist of excerpts designated as "Confidential-Attorneys' Eyes Only" along with a declaration that contains excerpts of Defendant's "2020 and 2021 blockout date calendar for Gold and Silver Passes." Docs. 74 at 2-4; 75 at 2.

Defendant also claims that it has designated as "Confidential" certain excerpts or lines from deposition transcripts. Docs. 74 at 4, 75 at 3. As such, Defendant requests that lines of text be redacted from Defendant's Corporate Representative's deposition and Exhibits 8 and 9 to "the Chabot Declaration." Docs. 74 at 4-5; 75 at 2-3.

Defendant states generally and in a conclusive manner that these materials and "portions of these materials" contain trade secrets or commercially sensitive information that would place Defendant at risk of competitive or business injury in the event the information was disclosed to the public. Docs. 74 at 5; 75 at 4.

While Defendant files the Motions pursuant to Local Rule 1.11, Defendant cites to no statute, rule, or other order that authorizes the filing of documents under seal in the instant case. Thus, the filing of documents under seal with the Court is governed by Local Rule 1.11(c), which provides as follows:

> If no statute, rule, or order authorizes a filing under seal, a motion for leave to file under seal: (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reason: (A) filing the item is necessary, (B) sealing the item is necessary, and (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing. An order permitting leave under this section must state the reason that a seal is required.

Local Rule 1.11(c).

Also, in deciding whether to grant a motion to seal, the Court must remain cognizant of the fact that the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).  This common law right "is instrumental in securing the integrity of the [judicial] process." *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (per curiam) ("The district court must keep in mind the rights of a third party—the public, 'if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system.'") (citation omitted).[1]

The Motions are due to be denied because Defendant fails to demonstrate that the information at issue should be sealed pursuant to Local Rule 1.11 and the Eleventh Circuit's standard for filing records under seal. *See Rosenthal*, 763 F.2d at 1293; *Romero*, 480 F.3d at 1245-46.

First, Defendant does not fully comply with Local Rule 1.11(c). Pursuant to Local Rule 1.11(c)(3)(A), the movant must establish why "filing the item is necessary." This is no idle requirement. The Court's public docket should not be riddled with sealed documents, and it

---

[1] Parties and courts sometimes fail to distinguish between—or conflate—the more protective caselaw regarding sealing in the context of discovery and discovery litigation. There, "right of access does not apply to discovery and, where it does apply, may be overcome by a showing of good cause[,] . . . which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1309). But what we have here is a motion for class certification. Like litigation concerning motions to dismiss and for summary judgment, class certification may be dispositive of the case. And evidence used in relation to a dispositive motion shouldn't be sealed—or be more likely to be sealed—simply because it was obtained through the discovery process.

certainly should not be riddled with sealed documents that are unnecessary to the Court's resolution of this case.

With respect to Defendant's request to file under seal certain exhibits attached to Plaintiffs' Motion to Certify Class, Defendant states in a footnote that it takes no position regarding Local Rule 1.11(c)(3)(A)'s requirement to state why "filing the item is necessary" because Plaintiffs filed the materials.  Doc. 74 at 5, n.2.  *Defendant*, however, filed the Motions to Seal and it cites no authority to support the proposition that it is excused from compliance because it did not submit the underlying exhibit.  Defendant's failure to address this requirement renders insufficient the request to seal documents accompanying Plaintiffs' Motion.

As to Defendant's Opposition to Plaintiffs' Motion to Certify Class, Defendant explains the necessity for filing the material in Exhibit 9, but it does not specify why the other documents—Exhibits 5 and 8—need to be filed.  *See* Doc. 75.  Defendant describes only the nature of Exhibits 5 and 8 but does not state the reasons for filing the sealed or redacted material.  As such, the request to seal or redact these documents is inadequate.  *See* Local Rule 1.11(c)(3)(A).

Second, to the extent Defendant's basis for relief is that the parties or Defendant previously designated the materials "Confidential-Attorneys' Eyes Only," the parties do not have the right to stipulate what judicial records will be sealed.  *See Wilson*, 759 F.2d at 1571.  Local Rule 1.11 specifies:

> PUBLIC RIGHT OF ACCESS. Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification.  **Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation**.

Local Rule 1.11(a) (emphasis added).  Defendant's reference to the confidential designation throughout the Motions is not an adequate reason to seal the information.

Third, beyond the parties' agreement, the Motions are based on Defendant's conclusory statements that the information consists of trade secrets and commercially sensitive information. A mere declaration that the information falls within these categories, however, does not overcome the presumption of openness and does not assist the Court in making a determination on the request to seal. *See Rodriguez v. Burgers*, 2021 WL 3017528, at *2 (M.D. Fla. Mar. 24, 2021) ("The Defendant's conclusory statement that the documents at issue contain proprietary information, trade secrets, and are subject to protection under the parties' confidentiality agreement falls short of rebutting the presumption in favor of openness."); *see also*, *Day v. Barnett Outdoors, LLC*, 2017 WL 10275971, at *3 (M.D. Fla. Aug. 23, 2017) ("Because the commercially sensitive nature of the information is the only basis Barnett provides for nondisclosure, and its conclusory statements fall short of establishing that the information qualifies as proprietary information, it fails to establish good cause for sealing the Modification Timeline.").

Fourth, Defendant mentions the Eleventh Circuit good cause standard but does not adequately analyze the balance between Defendant's needs and the public right to the information in this case. The materials at issue relate to the dispositive issue of class certification, which requires judicial resolution on the merits. With no analysis or discussion of the public's interest, the Motions fail to meet the standards necessary to seal documents, especially those subject to the common-law right of access, a status discovery materials take on "once they are filed in connection with a substantive motion." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1362 (11th Cir. 2021); *see Romero*, 480 F.3d at 1245-46 (noting that "[d]ecisions less central to merits resolutions implicate lesser right-to-access considerations") (citation omitted).

Finally, it is not entirely clear if Defendant only seeks leave to redact the lines of text or exhibits at issue (such that the Court cannot and will not consider them) **or also** moves to file

unredacted versions of that material to be kept under seal and considered by the Court. If it is the former, a motion is unnecessary as the parties can submit the filings with redactions and the Court will simply forego consideration of the part that is blocked from view. If Defendant seeks to ultimately provide to the Court under seal the unredacted material, the Court finds that Defendant has not met its burden for the reasons stated in this Order.

Overall, Defendant fails to show full compliance with Local Rule 1.11 and the Court is not satisfied that the information should be sealed under the Eleventh's Circuit's standard. Litigation is an inherently public process. Certainly, the Court does not regularly issue secret, sealed orders in civil cases. If every case involving important business interests that could affect the financial interests and competitiveness of litigant companies were sealed based solely on the parties' agreement or their designation of documents as "confidential," federal decisions would become opaque, without precedential value, and meaningless to other litigants, lawyers, the public, and the press. And, on the other hand, if the information at issue is necessary to the Court's decision on the certification issue, the Court may—and very likely will—discuss it in an eventual, publicly filed order. Thus, the confidential information at issue may become public regardless of whether the Court allows the parties to seal their briefing and exhibits. Of course, if the confidential information is not necessary to the Court's decision, the parties should probably not provide it to the Court, sealed or not. *See* Local Rule 1.11(c)(3)(A).

Based on the foregoing, it is **ORDERED** that the Motions (Docs. 74 and 75) are **DENIED**. "

**ORDERED** in Orlando, Florida on March 1, 2024.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE